# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| RALPH W. MELLO, | ) |
|           Plaintiff, | ) |
| vs. | ) CASE NO. 3:10-0243 |
| | ) JUDGE WISEMAN/KNOWLES |
| HARE, WYNN, NEWELL & NEWTON, LLP | ) |
|           Defendant. | ) |

## ORDER

On March 12, 2010, the undersigned entered an Order requiring Defendant to file a Response establishing that the Court does, in fact, have subject matter jurisdiction of this action. Docket No. 3. Defendant has filed a "Response to Order of March 12, 2010" (Docket No. 8), which addresses the jurisdictional issue raised by the Court.

Defendant's Response states in relevant part as follows:

> The law firm of Hare, Wynn, Newell & Newton, LLP is an incorporated domestic partnership [*sic*] registered in the State of Alabama. . . . As such, under 28 U.S.C. § 1332(c)(1), Hare Wynn's citizenship is determined by reference to the location of its principal place of business. With its principal place of business at 2025 Third Avenue North, 8th Floor, Birmingham, Jefferson County, Alabama 352033 [*sic*], Hare Wynn is a citizen of Alabama.

Docket No. 8, p. 2 (citations omitted).

The quoted material cites to the Affidavit of John W. Haley. Docket No. 8-3. Mr. Haley's Affidavit contains an "Exhibit A," which appears to be a copy of a web page of

the Alabama Secretary of State's Office. Docket No. 8-3, p. 4-5. The referenced document is headed "Corporation Details," identifies Hare Wynn as "Hare, Wynn, Newell & Newton LLP," and lists its "Corporation Type" as "Domestic Registered Partnership." The document also refers to Hare Wynn's "Place of Incorporation," as "Jefferson County." *Id*., p. 4.

While the Court is not entirely familiar with the provisions of Alabama law, the Court does not understand how Defendant could be both a corporation and a partnership, and Defendant's statement that it is "an incorporated domestic partnership" is extremely puzzling.

In Defendant's recent filings with the Court, and on Defendant's website, Defendant identifies itself as "Hare, Wynn, Newell & Newton, *LLP*." Docket Nos. 8, 8-3 (emphasis added); *http://www.hwnn.com/contact, accessed March 29, 2010*. It appears, therefore, that Defendant is an Alabama limited liability partnership. *See* Ala. Code 1975 § 10-8-A-101(5, 12). Under Alabama law, a limited liability partnership is a certain kind of "limited partnership." *See* Ala. Code 1975 § 10-9-C-102(9, 11).

Defendant concludes that, because it is an incorporated domestic partnership, its citizenship is determined by reference to the location of its principal place of business under 28 U.S.C. § 1332(c)(1). Contrary to Defendant's assertion, however, the citizenship of a limited partnership is not determined by reference to 28 U.S.C. § 1332(c)(1) and the limited partnership's principal place of business; instead, a limited partnership has the citizenship of each of its partners (limited or general) or members. C*arden v. Arkoma Associates,* 494 U.S. 185 (1990).

Defendant may have additional time, to and including April 12, 2010, in which to file a Response to the instant Order, establishing that the Court does, in fact, have subject matter

2

jurisdiction of this action. If Defendant fails to do so, the undersigned will recommend that this action be remanded to the Chancery Court for Williamson County, Tennessee.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge